IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-100-DCK

| | |
|---|---|
| STEVEN RAY PRUITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 14) and "Defendant's Motion For Summary Judgment" (Document No. 18). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be granted; that "Defendant's Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated.

## BACKGROUND

Plaintiff Steven Ray Pruitt ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about August 14, 2015, Plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning July 25, 2015. (Transcript of the Record of Proceedings ("Tr.") 13, 218-226). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on May 2, 2016, and again after reconsideration on June 14,

2016. (Tr. 13, 134, 140, 152, 157). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of bipolar, foot problems, shoulder problems, sciatica, hiatal hernia, moderate erythema of esophagus, problems throwing up everyday, and short term memory loss.
> The medical evidence shows that your condition is not severe enough to be considered disabling.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.

(Tr. 152, 157).

Plaintiff filed a timely written request for a hearing on June 21, 2016. (Tr. 13, 162). On May 18, 2018, Plaintiff appeared and testified at a hearing before Administrative Law Judge Frederick Johnson (the "ALJ"). (Tr. 13, 31-81). In addition, Rebecca G. Williams, a vocational expert ("VE"), and Samuel Furgiuele, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued a partially favorable decision on August 15, 2018, finding Plaintiff *not disabled* prior to January 29, 2018, and *disabled* beginning January 29, 2018. (Tr. 9-23). On September 26, 2018, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on May 22, 2019. (Tr. 1-3, 216-217). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on July 24, 2019. (Document No. 1). On September 30, 2019, the parties consented to the Magistrate Judge jurisdiction in this matter. (Document No. 11)

2

Plaintiff's "Motion For Summary Judgment" (Document No. 14) and Plaintiff's "Memorandum In Support Of Plaintiff's Motion For Summary Judgment" (Document No. 14-1) were filed on December 5, 2019.  "Defendant's Motion For Summary Judgment" (Document No. 18) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 19) were filed March 30, 2020.  Plaintiff declined to file a reply brief, and the time to do so has lapsed.  See Local Rule 7.2 (e).

The pending motions are now ripe for review and disposition.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599

3

(4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between July 25, 2015, and the date of his decision, August 15, 2018.[1] (Tr. 13). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

> listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled prior to January 29, 2018, but was disabled as of January 29, 2018. (Tr. 21-22).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since July 25, 2015, his alleged disability onset date. (Tr. 15). At the second step, the ALJ found that degenerative disk disease of the lumbar spine with radiculopathy, COPD, tobacco use disorder, status post gunshot wound and stress fracture to foot, and depressive disorder were severe impairments.[2] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 15-16).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform less than the full range of light work activity, with the following limitations:

> needs to alternate sitting and standing every 60 minutes. He can have moderate exposure to workplace hazards, and he can

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

> occasionally crouch and stoop, and climb ramps and stairs. He can never climb ladders, ropes or scaffolds. Mentally, the claimant is limited to simple, routine, repetitive tasks, with simple, short instructions, requiring only simple job-related decisions, and few workplace changes, with only occasional contact with co-workers and supervisors, and no contact with the public.

(Tr. 16). In making his finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 16-17).

At the fourth step, the ALJ held that due to "low levels of posted earnings," Plaintiff had no past relevant work. (Tr. 21).

At the fifth and final step, the ALJ determined that *prior* to January 29, 2018, the date Plaintiff's age category changed, Plaintiff could perform jobs that existed in significant numbers in the national economy. (Tr. 21-22). The ALJ noted that the VE testified that occupations Plaintiff could perform included a marker, bottling line attendant, and mail clerk. (Tr. 22); see also (Tr. 68-69).

The ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, prior to January 29, 2018. (Tr. 21-22). However, the ALJ found that beginning on January 29, 2018, Plaintiff was disabled and continued to be disabled through the date of the ALJ decision, August 15, 2018. (Tr. 22). Thus, the ALJ issued a decision that was "partially favorable" to Plaintiff. See (Tr. 9).

Plaintiff on appeal to this Court makes the following assignments of error: (1) improper reliance on VE testimony; (2) consideration of the decision of a state hearing officer regarding Medicaid; (3) weight given the medical opinions of the consulting examiner(s); and (4) the ALJ "failed to properly explain his decision." (Document No. 14-1).

**VE Testimony**

In the first assignment of error, Plaintiff argues that the ALJ's reliance on the VE testimony was improper and requires remand. (Document No. 14-1, p. 5). Plaintiff contends that the RFC adopted by the ALJ and the hypothetical he presented to the VE are significantly different and that there are apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Id.

1. RFC / Dispositive Hypothetical

Plaintiff notes that the RFC states that Plaintiff can have moderate exposure to workplace hazards, but that this limitation was not mentioned in the hypothetical presented to the VE. Id. (citing Tr. 16, 67-71). Plaintiff then notes that the hypothetical assumed no more than occasional exposure to pulmonary irritants (and no exposure to extreme heat), but that there is no similar limitation in the RFC. Id. According to Plaintiff, all three jobs identified by the VE "involve working around what appears to be potentially dangerous machinery." (Document No. 14-1, p. 10). Plaintiff concludes that this matter should be remanded so that a "qualified expert" can determine whether the alleged exposure to workplace hazards is more than "moderate." (Document No. 14-1, pp. 10-11).

In response, Defendant argues that the ALJ correctly determined in the RFC that Plaintiff was limited to no more than moderate exposure to workplace hazards, without mention of exposure to pulmonary irritants. (Document No. 19, p. 5). Although the hypothetical started with a limitation involving "not more than occasional pulmonary irritants… the ALJ quickly clarified that this individual should have no exposure to extreme heat." Id. (citing Tr. 67) ("Excuse me. Assume that person should have no exposure to extreme heat."); see also (Document No. 19, p. 9). Defendant contends that it was clear that the workplace hazard at issue was exposure to extreme

7

heat. (Document No. 19, p. 9) (citing Tr. 65-67). Defendant asserts that the hypothetical to the ALJ was thus proper and reflected the RFC. Id. (citation omitted).

2. Apparent Conflicts with DOT

Plaintiff also contends that the jobs identified by the VE – marker, mail clerk, and bottling line attendant – "are apparently not consistent with the DOT." (Document No. 14-1, pp. 6-13). Plaintiff suggests that the limitation to "simple, routine, repetitive tasks, with simple, short instructions requiring only simple job-related decisions and few workplace changes" is inconsistent with the mail clerk and the marker jobs which require "reasoning" levels of 3 and 2, respectively. (Document No. 14-1, p. 8) (citing Tr. 16, 67). Relying on Thomas v. Berryhill, Plaintiff argues that the ALJ must explain an apparent conflict "between a limitation to 'short, simple instructions' and a need to carry out 'detailed but uninvolved . . . instructions.'" (Document No. 14-1, p. 9) (quoting Thomas v. Berryhill, 916 F.3d 307, 313-314 (4th Cir. 2019)).

Defendant first notes that the VE "testified there were no conflicts between her testimony and the DOT" regarding Plaintiff's ability to perform the jobs of marker, mail-clerk, and bottling line attendant. (Document No. 19, p. 7) (citing Tr. 78). Defendant further notes that the reasoning levels of jobs is based on the "general education development" ("GED") classification scheme in the DOT. Id.

"According to the DOT, reasoning level two involves the ability to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and to d]eal with problems involving a few concrete variables in or from standard situations'" . . . and [r]easoning level three involves the ability to '[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and to d]eal with problems involving several

8

concrete variables in or from standardized situations.'" (Document No. 19, p. 7, n. 1)(internal citations omitted).

Defendant relies on Lawrence v. Saul, 941 F.3d 140 (4th Cir. Oct. 24, 2019) to argue that there is no apparent conflict between a claimant with an RFC for "simple, routine, repetitive task of unskilled work" and the DOT definition of Reasoning Level 2. (Document No. 19, p. 7). Defendant then states that "while 'short' functions are inconsistent with 'detailed' ones, there is 'no comparable inconsistency' between 'simple, routine, repetitive' functions and the definition of Reasoning Level 2." Id. (quoting Lawrence, 941 F.3d at 143)(citing Thomas, 916 F.3d at 313-314). Defendant later notes that this Court "has explained that '[t]he requirements of reasoning level three are consistent with the ability to follow short and simple instructions.'" (Document No. 19, p. 8) (quoting Keller v. Berryhill, 5:17-CV-001-FDW, 2017 WL 3710085, at *3 (W.D.N.C. Aug. 28, 2017).

It is regrettable that Plaintiff declined to file a reply brief to further address this issue; nevertheless, the undersigned's own review of relevant authority indicates that Defendant's reliance here on Lawrence and Keller is misplaced.

First, in Lawrence, the Fourth Circuit addressed the issue of whether there was an apparent conflict between the plaintiff's RFC and the DOT's definition of Level 2 reasoning. Lawrence, 941 F.3d at 142-143. "To assess whether an apparent conflict exists, we compare the DOT's 'express language' with the vocational expert's testimony." Id. at 143 (quoting Pearson v. Colvin, 810 F.3d 204, 209 (4th Cir. 2015)). The Fourth Circuit then noted that in Thomas v. Berryhill it found "an apparent conflict between the claimant's residual functional capacity, which limited her to jobs involving 'short, simple instructions,' and Level 2's concept of 'detailed but uninvolved instructions.'" Id. (quoting Thomas, 916 F.3d at 313–314). The court in Lawrence distinguished

9

that case from Thomas, noting that the "key difference" was that "Thomas was limited to 'short' instructions." Id. "'Short' is inconsistent with 'detailed' because detail and length are highly correlated." Id. In contrast, the ALJ limited plaintiff Lawrence to "simple, routine repetitive tasks of unskilled work," but did not include a limitation to "short instructions." Id. See also Green v. Berryhill, 3:17-CV-00482-RJC, 2019 WL 1331754, at *4 (W.D.N.C. Mar. 25, 2019) ("The Court finds that a meaningful difference exists between a limitation to *perform* only simple, routine, repetitive tasks—Plaintiff's RFC limitation here—and a limitation to only receive and follow short, simple instructions—the RFC limitation in Thomas.").

This case appears to be more akin to Thomas since Plaintiff Pruitt is limited to simple, routine, repetitive tasks, **with simple, short instructions**, requiring only simple job-related decisions." (Tr. 16) (emphasis added); see also (Tr. 67).

Moreover, Defendant failed to notice that the Keller decision he relies on was subsequently vacated in part on the issue of reasoning level 3's inconsistency with short and simple instructions. See (Document No. 19, pp. 8-9) (quoting Keller, 2017 WL 3710085, at *3 (W.D.N.C. Aug. 28, 2017); see also Keller v. Berryhill, 745 Fed.Appx. 193 (4th Cir. Nov. 29, 2018) vacating in part and remanding Keller, 2017 WL 3710085.[3]  The Fourth Circuit concluded that "an apparent conflict exists between a limitation to short and simple instructions and Reasoning Development Level 3 occupations." Keller, 754 Fed.Appx. at *198. The Fourth Circuit opined that a limitation to short and simple instructions seems to fall "somewhere between Levels 1 and 2." Id. See also Thomas v. Saul, 816 Fed.Appx. 835, 839 (4th Cir. 2020) (noting apparent conflict between Level 3 reasoning and a limitation to a job with "short and simple" instructions).

---

[3] Defendant noted that Keller was appealed but failed to recognize or explain the outcome of the appeal. (Document No. 19, p. 9).

10

Based on the foregoing, the undersigned is persuaded that there are apparent conflicts between at least two of the occupations identified by the VE and the DOT's application of reasoning levels 2 and 3. The undersigned agrees that the ALJ failed to adequately explain these apparent conflicts.

Under different circumstances, the remaining occupation of bottling-line attendant would likely be enough to support a finding that Plaintiff was not disabled during the relevant time period; however, the undersigned is also concerned that the ALJ did not adequately consider whether that job is fully consistent with the limitations in Plaintiff's RFC. In short, although the ALJ decision is for the most part thorough and well-reasoned, at least on this issue the decision frustrates meaningful review. As such, the undersigned will direct that this matter be remanded for further consideration. On remand, an ALJ shall consider all of Plaintiff's alleged errors and provide a more complete explanation of those issues, including Plaintiff's ability to perform jobs during the relevant time period consistent with limitations in his RFC.

## CONCLUSION

Based on the foregoing, the undersigned is not convinced that there is sufficient "evidence as a reasonable mind might accept as adequate to support a conclusion," and thus that substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be vacated.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No. 14 is **GRANTED**; the "Defendant's Motion For Summary Judgment" (Document No. 18 is **DENIED**; and the Commissioner's determination is **VACATED,** and this matter is remanded for further consideration.

11

**SO ORDERED**.

Signed: November 9, 2020

David C. Keesler
United States Magistrate Judge